## Pantoja's Naturalization.

*Adrian Bonnelly,* for petitioner.

*T. F. B. Read,* for United States Bureau of Naturalization.

KUN, J., Oct. 29, 1930.—The above application for naturalization came before the court for final hearing on June 29, 1928. Counsel for the United States Government objected to the admission of the petitioner on two grounds:

1. That the petitioner had been adjudged unlawfully in the United States by the Secretary of Labor, and a warrant for his deportation was then in the hands of the Commissioner of Immigration for the Philadelphia district.

2. That the petitioner first arrived in the United States without inspection by the immigration authorities for permanent residence and payment of head tax, on which account it was contended the petitioner had gained no permanent residence in the United States for naturalization purposes.

On account of these objections action on the application was deferred. The court was subsequently advised by counsel for the petitioner that Judge Dickinson, of the United States District Court at Philadelphia, had granted a writ of *habeas corpus* releasing the petitioner from deportation by the immigration authorities, which fact counsel urged as a reason for granting the petitioner's application for naturalization. Because, however, the court was advised that the Government would appeal from Judge Dickinson's ruling, action on the petitioner's application for naturalization was again deferred. The court has now been advised that the United States Court of Appeals for this district has reversed the action of Judge Dickinson, in an opinion filed Oct. 24, 1930, United States *v.* Avelino Pantoja and Frances Pantoja, No. 4134, October Term, 1929, U. S. C. C. A., 3rd Circuit.

It appears that the petitioner arrived at New York on Dec. 7, 1925, as a member of the crew of the SS. American Legion and was permitted to land in pursuit of his calling without inspection for permanent residence or payment of head tax. Under the Immigration Rules of July 1, 1925 (subdivision I, paragraph 2), petitioner should have departed from the United States within sixty days of his arrival. The Commissioner of Immigration, it appears, learned two years later that the petitioner had not departed, but was employed in Philadelphia as a waiter at the Penn Athletic Club. He was arrested by an immigration inspector on Feb. 14, 1928, and given a hearing, following which a warrant for his deportation was issued by the Secretary of Labor on April 25, 1928, based upon section 14 of the Immigration Act of 1924. It was on Feb. 17, 1928, three days after the petitioner's arrest by the immigration authorities, that he filed his petition for naturalization in this court. It would have been highly improper for the court to have granted the petitioner's application for naturalization during the pendency of the question of his status in this country which was being litigated in the Federal courts. Comity between the state and Federal courts requires on the part of each the utmost respect for the action by the other in matters coming within their respective spheres of jurisdiction and authority, and no action should be taken by either which would nullify the proper and legal acts of the other. The naturalization of the petitioner by this court when the application came before it for consideration would have resulted in dismissing the warrant of deportation issued against him by the immigration authorities, as they have no power to deport a citizen of the United States. The court could not lend itself to such a means for defeating the purpose of Congress as expressed in section 14 of the Immigration Act of 1924. While, as stated, Judge Dickinson in the first instance allowed the petitioner a writ of *habeas corpus* and directed his release from deportation by the immigration authorities, that action has been reversed by the Circuit Court of Appeals, which leaves the petitioner subject to deportation, since it has now been adjudicated that he is illegally in this country.

The court is well satisfied with the soundness of the view expressed by the Circuit Court of Appeals as being sustained by ample authority, of which the following may be noted: In re Connal, 8 Fed. Repr. (2nd) 374; In re Jensen (U. S. D. C., La.), 11 Fed. Repr. (2nd) 414; In re Demanis (U. S. D. C., Mich.), 21 Fed. Repr. (2nd) 876; Petition of Reader (U. S. D. C., Mich.), 21 Fed. Repr. (2nd) 877; In re Olsen (U. S. D. C., Calif.), 18 Fed. Repr. (2nd) 425; United States *v.* Ness, 245 U. S. 319, 322.

For the reasons given, the petition for naturalization of Avelino Pantoja is refused, without prejudice to the right of the petitioner to apply for the reinstatement of his petition should the action of the United States Circuit Court of Appeals be reversed on appeal, if any is taken.